UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORID
PENSACOLA DIVISION

MATTHEW LEVI FAISON, JR.,
Inmate No. 038634,
      Plaintiff,

vs.                          Case No.: 3:20cv5828/LAC/EMT

GLOBAL EXPERTS OUTSOURCING, et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). Upon review of Plaintiff's complaint and litigation history, it is plain Plaintiff is a "three-striker" and that this action, therefore, should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

According to 28 U.S.C. § 1915(g), a provision of the in forma pauperis statute,

[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Case No.: 3:20cv5828/LAC/EMT

A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice.   *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he *initiates* suit).   The only exception is if the prisoner alleges he is "under imminent danger of serious physical injury."   28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Plaintiff is subject to the three-strikes bar of § 1915(g) having had three or more prior civil actions dismissed on the grounds they were frivolous, malicious, or failed to state a claim upon which relief may be granted.   The court takes judicial notice of the following cases in which this court has recognized Plaintiff as a "three striker": *Faison, et al. v. Doe, et al.*, Case No. 3:18cv2181/LAC/HTC (N.D. Fla. Nov. 5, 2018) (dismissing action pursuant to the three-strikes bar of 28 U.S.C. § 1915(g)); *Faison v. Guerra*, Case No. 3:18cv158/MCR/EMT (N.D. Fla. March 1,

2018) (same); *Faison v. U.S. Att'y Gen.*, Case No. 5:09cv404/RS/AK (N.D. Fla. Mar. 9, 2010) (same); *Faison v. Ellis*, Case No. 3:04cv69/RV/MD (N.D. Fla. Apr. 26, 2004) (same).   The undersigned has confirmed Plaintiff in the instant case is the same as the plaintiff in the cases cited above because he has the same inmate number, 038634.   Accordingly, Plaintiff may not litigate this case in forma pauperis unless he demonstrates he is "under imminent danger of serious physical injury."   28 U.S.C. § 1915(g), *Brown, supra*.

Plaintiff alleges he is under imminent danger of serious physical injury, but the allegations in his complaint do not come close to supporting such an assertion. Indeed, Plaintiff's complaint is based on an alleged lack of adequate medical treatment for "whatever his medical illness was in the year of 1989 thru [sic] 2007," and he names as Defendants The GEO Group (as the operator of Blackwater Correctional Institution), as well as the warden and medical providers at Blackwater C.I.—but he was incarcerated at Calhoun Correctional Institution at the time he initiated this action (*see* ECF No. 1, 2–3, 5, 11, 18–19).   Because Plaintiff did not pay the filing fee at the time he initiated this action, and because it plainly appears he is not entitled to proceed in forma pauperis, this case should be dismissed under 28 U.S.C. § 1915(g).

Accordingly, it respectfully **RECOMMENDED**:

1.      That this case be **DISMISSED WITHOUT PREJUDICE** pursuant

to 28 U.S.C. § 1915(g).

2.      That the clerk of court be directed to enter judgment accordingly and

close this case.

At Pensacola, Florida, this 25<u>th</u> day of September 2020.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**